LEVI PECK *vs.* NATHANIEL S. EMERY & another.

The departure of a debtor from the presence of a magistrate before whom he is undergoing an examination on his application to be admitted to the poor debtors' oath, before the final order of the magistrate is announced or made, and after he is informed that his examination is not completed, may be proved by parol; and, if proved, is a breach of the condition of a recognizance, taken under *St.* 1857, *c.* 141, § 10.

CONTRACT on a recognizance taken under *St.* 1857, *c.* 141, concerning imprisonment for debt, with condition that the defendant Emery, who had been arrested on an execution in favor of the plaintiff, should within ninety days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.  At the trial in the superior court, upon the admitted facts, *Vose,* J., ruled that the plaintiff was not entitled to recover, and a verdict was returned for the defendants.  The plaintiff alleged exceptions.  The facts are stated in the opinion.

*J. Brown,* for the plaintiff.

*E. M. Bigelow,* for the defendants.

MERRICK, J.  A recognizance entered into by a debtor under the provisions of the statute to abolish imprisonment for debt except in cases of fraud, is not returnable nor to be returned into any court of record; but the record of it is to remain, for

the benefit of the creditor, in the custody and possession of the magistrate by whom it was taken. *St.* 1857, *c.* 141, § 10. Gen. Sts. *c.* 124, § 17. *Thacher* v. *Williams,* 14 Gray, 324.

The defendants contend that upon proof of the facts narrated in the bill of exceptions, which were not disputed, but expressly admitted by them, there was no sufficient evidence produced by the plaintiff upon the trial to show a breach of the condition of the recognizance declared on. It is averred in the writ that the defendant Emery did not observe, perform and keep the condition of the said recognizance, because he made default at the time fixed for his examination, and did not abide the final order of the magistrate thereon. The obligation of such a recognizance, duly taken under the provisions of the statute, requires the debtor to deliver himself up for examination, and to abide the final order which may be made by the magistrate relative thereto. Its condition is broken if he fails to appear at the time fixed for that purpose, or if, having appeared, he departs from the presence of the magistrate, with intent permanently to absent himself, before the final order is in some form made, declared or announced. To keep and perform the condition, he must deliver himself up ; that is, he must appear before the magistrate at the proper time, and there await the final order to be made at the close of the examination, and be then and there present and ready to submit himself to the custody of any officer who shall at the same time be there with the execution, and prepared to make service of it. If he thus continues to be in attendance until the final order of the magistrate is made and promulgated, he will be in no default, although he then withdraws ; for certainly, without notice of the intention of the creditor to cause him to be arrested, he is not bound to remain there longer in order that the officer may have further time and opportunity to appear or to procure the execution. If the creditor means to insist upon his right to have the debtor immediately taken into custody and committed to jail upon the execution, upon the refusal of the magistrate, at the conclusion of the examination, to admit him to the oath, care must be taken to have an officer then and there present, holding and ready to

finish the service of the execution. If there is no officer then present who has a right to arrest or detain him, he may depart at his own pleasure, and his subsequent absence is no default on his part, and constitutes no breach of the condition of his recognizance. *Jacob* v. *Wyatt,* 10 Gray, 236.

But, upon recurrence to the facts stated in the bill of exceptions, it is manifest that the defendant Emery did not so abide the order of the magistrate. He departed from the place where the examination was conducted without license or any other legal cause or justification. The magistrate told him that unless he made more satisfactory answers the oath would be refused to him. This was an intelligible notification that further interrogatories might and probably would be proposed to him, and that further answers would be required; and that the examination was not yet closed. And still more than this : when he was in the act of retiring from the office wherein the examination was pursued, he was distinctly requested to return and informed that they, that is, the parties who had a right to pursue the examination, had not got through with him. But, notwithstanding all this, he persisted in his purpose, went immediately away and never returned. By this proceeding and in this manner he intentionally forebore and refused to abide the final order of the magistrate, but made default. This was a clear and direct breach of the condition of his recognizance. There was, therefore, very ample evidence submitted to the jury by the plaintiff in maintenance of his action; and the ruling of the court, that upon the facts proved and admitted he could not recover, was erroneous, and the exception taken thereto must be sustained.

The objection that the default of the debtor in neglecting or refusing to abide the final order of the magistrate can be proved only by the return of the officer, cannot be supported. It is shown very clearly by the facts reported; and there is no rule of law under which the parol evidence by which they were established could have been excluded. Indeed the latter course of proceeding is much the more reasonable and satisfactory; since, instead of relying upon a positive rule that the return of an officer shall be conclusive upon the parties to the process

as to the facts stated in it, an opportunity is afforded to the defendant to scrutinize and contest the evidence by which the alleged default is attempted to be proved.

*Exceptions sustained.*